Paul GRAY, Jr., Trustee of The Bimini Corporation, and State Farm Fire & Casualty Company, Appellants,

v.

CITY OF EAST RIDGE, Tennessee, East Ridge Fire Department, Inc., and Ralph Pendergrass, Appellees.

Court of Appeals of Tennessee, Eastern Section.

June 25, 1982.

Permission to Appeal Denied by Supreme Court Nov. 1, 1982.

David F. Hensley of Milligan, Hooper & Harris, Chattanooga, for appellants.

John Y. Powers of Reingold, Powers, Schulman & Robbins, Chattanooga, for East Ridge Fire Dept. and Ralph Pendergrass.

F. Thornton Strang and Edward D. Meyer, of Strang, Fletcher, Charriger, Walker, Hodge & Smith, Chattanooga, for City of East Ridge.

## OPINION

PARROTT, Presiding Judge.

On May 24, 1978, one unit of the Bimini Apartment Complex in East Ridge, Tennessee, was destroyed by fire. Appellant, Paul Gray, is the trustee of the Bimini Corporation, owner of the apartment building. Appellant, State Farm Fire & Casualty Company, is the insurer of the apartments and is subrogated to all claims. Appellees in this action are the City of East Ridge, the East Ridge Fire Department (which has an exclusive franchise to fight fires in East Ridge), and Ralph Pendergrass, the president of the fire department.

The East Ridge Fire Department operates on a subscription basis—one must subscribe in order to get fire protection. Appellant, Paul Gray, had not subscribed, even though he had been approached to do so in the past. As a result, when the East Ridge Fire Department was called to the scene of the fire at the Bimini Apartments on May 24, 1978, they did not fight the fire because of Gray's failure to subscribe. Appellant maintains that the fire was very limited at that point and could have easily been controlled. The fire department did take measures to protect the adjoining property, which had subscribed.

On April 3, 1980, appellants filed suit against appellees alleging that the City of East Ridge had failed to provide fire protection for its citizens in violation of its charter, that the city wrongfully allowed the fire department to extract a membership fee for fire protection from citizens in violation of its duty to provide such fire protection, that Ralph Pendergrass had ordered his firemen not to fight the Bimini fire, and that such order was "gross, wilful, wanton and outrageous conduct which entitled appellants to recovery of both compensatory and punitive damages." On July 28, 1980, the fire department and Pendergrass filed a motion for summary judgment. On August 14, 1980, East Ridge filed a motion for a judgment on the pleadings, on the grounds that appellants had not filed in time under the Governmental Tort Liability Act. The court apparently treated all of these as motions for summary judgment, and after argument by both sides on March 3, 1981, and a further consideration of briefs, granted all appellees summary judgment in a memorandum opinion of June 23, 1981. An order was entered July 10, 1981. By an order nunc pro tunc dated October 29, 1981, the court clarified that it had sustained the city's motion on the pleadings and further stated that appellees, East Ridge Fire Department and Ralph Pendergrass owed no duty to appellants to fight the fire, had committed no intentional tort, and had committed no outrageous conduct. Appellants now appeal from this final order.

■ We will first address the issues as to the City of East Ridge. The court below sustained the city's motion for judgment on the pleadings because appellants "failed to give the notice as required by Sections 29–20–302 and 29–20–303 of the Tennessee Governmental Tort Liability Act and . . . failed to file this suit with [sic] one (1) year from the date of the incident, pursuant to Section 29–20–305(b) of the said Act . . . ." We affirm this holding.

T.C.A. § 29–20–302(a) provides:

"A claim against a governmental entity shall be forever barred whether or not this statute be pled in bar of such action, unless notice thereof is filed within one hundred twenty (120) days after the cause of action arises except where the cause of action arises out of injury resulting from the operation of a motor vehicle."

There is no evidence in the record indicating that notice was ever filed in this case. Thus, the clear meaning of this section is that appellants may not maintain this action against East Ridge under the Tennessee Governmental Tort Liability Act. Even if this were not the case, appellants would still be barred by their failure to comply with the twelve months statute of limitations of T.C.A. § 29–20–305(b).

■ In their brief, appellants assert that Section 7–301 of the East Ridge City Code, which authorizes the mayor to enter into franchise contracts with fire fighting companies, is beyond the corporate powers of the City and is therefore *ultra vires*. We find this argument to be specious. To begin with, it does not appear from the record that this was even an issue in the proceedings below.

Secondly, it does not appear that the code provision was *ultra vires*. Section 2 of the East Ridge corporate charter provides, in pertinent part, that "[s]aid City shall have power by ordinance of its governing authority within said City, . . . (8) To provide for the organization, and regulation of a police department and a fire department." By plain meaning, Section 7–301 of the City Code comes within this corporate power.

■ Finally, as the City of East Ridge has persuasively argued in its brief, even if Section 7–301 was *ultra vires,* the effect would be to render the franchise agreement *wholly void,* and no recovery could be had against East Ridge on it. 10 McQuillin, *Municipal Corporations* § 29.10, p. 237 (1981). For all of these reasons, we feel that the trial judge was entirely correct in dismissing appellants' action as to the City of East Ridge.

We now turn our attention to the trial court's finding of summary judgment in

favor of appellees, East Ridge Fire Department, Inc. and Ralph Pendergrass. Again, we agree with and affirm the ruling of the trial judge, who concluded in the order nunc pro tunc of October 19, 1981:

"(2) That with respect to East Ridge Fire Department, Inc. and Ralph Pendergrass:

(a) Neither East Ridge Fire Department and/or Ralph Pendergrass has committed any intentional tort against plaintiffs-appellants;

(b) There was no conduct either by East Ridge Fire Department, Inc. and/or Ralph Pendergrass which constitutes outrageous conduct;

(c) There was no emotional distress on the part of the plaintiff, Paul Gray, Jr.;

(d) Neither East Ridge Fire Department, Inc. or Ralph Pendergrass had a legal duty or obligation to fight the fire at the Bimini Apartment which incident gave rise to this lawsuit."

We feel that the essence of appellants' appeal is the issue of whether the East Ridge Fire Department and Ralph Pendergrass owed a duty of care to appellants. We hold that they did not. In their brief, appellants assert that "whether the East Ridge Fire Department and/or Ralph Pendergrass had a duty to fight the fire is an issue for the jury to decide." We disagree with this statement. The existence of a legal duty is a matter of law, and the judge below correctly concluded that there was none. If the law *does* impose a duty, only then does the trier of fact determine whether it has been breached.

■ In this case, the record indicates that appellant Paul Gray had on several occasions declined to subscribe to the services of the East Ridge Fire Department both for the property which was eventually destroyed and for other property he owned. Thus, we hold that where a property owner knows that fire protection is available by subscription only and has been solicited and expressly declines to subscribe to such protection, then there will be no duty in tort placed upon the subscription fire department to fight a fire that later occurs at that person's property.

■ Appellants also assert that the Fire Department and Ralph Pendergrass are liable on an implied contract for damages resulting from the fire. We find no basis in the record for such a ground of recovery. First, appellants' complaint in this action is on its face devoid of any allegations of a contract. We are aware that under Rule 15.02 of the Tennessee Rules of Civil Procedure the pleadings must be construed to conform to the proof. However, in this case we find no material evidence in the record of any reliance by appellants on actions by appellees that would lead to the consideration of the issue of an implied contract. Although it is conceivable that an implied contract could arise in a situation of this type, the issue simply does not present itself under the record on appeal. *See, Canade, Inc. v. Town of Blue Grass,* 195 N.W.2d 734 (Iowa 1972) (Reynoldson and Becker, JJ., dissenting).

For all of the reasons above stated, we affirm the judgment of the court below. Let all costs for this appeal be taxed to appellants.

SANDERS and GODDARD, JJ., concur.